IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 0 8 2010

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-00426-BNB

JOHN MOORE,

       Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF COLORADO HUMAN SERVICES,
       OFFICE OF ADMINISTRATIVE COURTS,

       Defendant.

---

## ORDER TO FILE AMENDED COMPLAINT

---

Plaintiff, John Moore, has submitted a complaint for money damages. He has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The

Court must construe liberally Mr. Moore's filings because he is a *pro se* litigant. *See*

*Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110

(10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate.

*See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Moore will be ordered to

file an amended complaint.

In the complaint, Mr. Moore makes vague allegations concerning how the state

did not pay him the $15,967.99 owed to him, how the Office of Appeals would "do

nothing about it" and would "not pay for his mother's funeral expenses," and how the

judge "did not like me for nothing." Complaint (document number 2) at 1. He attaches

to the complaint various documents, including his mother's death certificate and the

initial decision of the administrative law judge concerning his mother's old age pension,

home care allowance, and funeral expenses.

A complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Moore to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Moore's complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8. He fails to allege a basis for the Court's jurisdiction. He fails to set forth a

2

short and plain statement of his claims showing that he is entitled to relief. He fails to

ask for the relief he seeks. He relies upon attachments to the complaint to explain his

claims, apparently expecting the Court and the defendant to sift through the

attachments to determine their relevance to his asserted claims, and to speculate how

his rights have been violated. That is not a judicial function.

It is Mr. Moore's responsibility to present his claims in a manageable format that

allows the Court and the defendant to know what claims are being asserted and to be

able to respond to those claims. Mr. Moore must allege, simply and concisely, his

specific claims for relief, including the specific rights that allegedly have been violated

and the specific acts of each defendant that allegedly violated his rights. Therefore, Mr.

Moore will be ordered to file an amended complaint that complies with the pleading

requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the Plaintiff, John Moore, file **within thirty days from the date**

**of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Moore, together with

a copy of this order, two copies of the Court-approved complaint form that Mr. Moore is

directed to use in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

Complaint," and shall be filed with the Clerk of the Court, United States District Court for

the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth

Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Moore fails to file an amended complaint as

directed within the time allowed, the complaint and the action will be dismissed without further notice.

DATED April 8, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00426-BNB

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 4/8/10

GREGORY C. LANGHAM, CLERK

By: _____
                    Deputy Clerk