IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00426-BNB

JOHN MOORE,

Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF COLORADO HUMAN SERVICES,
RUTH TRUMPFHELLER,

Defendants.

## ORDER OF DISMISSAL

Plaintiff, John Moore, submitted *pro se* a complaint for money damages. He was been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On April 8, 2010, Magistrate Judge Boyd N. Boland ordered Mr. Moore to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On April 14, 2010, Mr. Moore filed an amended complaint.

The Court must construe liberally Mr. Moore's filings because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaint and the action will be dismissed.

In the complaint he originally filed, Mr. Moore made vague allegations concerning how the state did not pay $15,967.99 owed to him; how the Office of Appeals would "do nothing about it" and would "not pay for his mother's funeral

expenses"; and how the judge "did not like me for nothing." Complaint (docket number 2) at 1. He attached to the complaint various documents, including his mother's death certificate and the initial decision of the administrative law judge concerning his mother's old age pension, home care allowance, and funeral expenses.

In the amended complaint, Mr. Moore's allegations are equally vague. He complains that two judges "where [sic] so cocky," that he was willing to settle for $15,967.99, as well as for $145.00," amended complaint (docket number 18) at 1, and that the state would not give his mother her money following her heart attack. He also fails to allege any basis for jurisdiction.

A complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal

2

pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Moore to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Moore's amended complaint fails to comply with the pleading requirements of Fed. R. Civ. P. 8. He fails to allege a basis for the Court's jurisdiction. He also fails to set forth a short and plain statement of his claims showing that he is entitled to relief. It is Mr. Moore's responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Moore must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. He has failed to do so.

Although the Court is obliged to construe *pro se* pleadings liberally, *pro se* litigants must follow the same rules of procedure that govern other litigants. ***Green v. Dorrell***, 969 F.2d 915, 917 (10th Cir. 1992). *Pro se* litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. *See **Kyler v. Everson***, 442 F.3d 1251, 1253 (10th Cir. 2006). Therefore, the amended complaint and the action will be dismissed.

This is one of seven civil actions Mr. Moore has initiated in this Court since February 2010 concerning his mother's death, several of which were characterized as

removals from state court. *See Moore v. Jahani*, No. 10-cv-00425-BNB (D. Colo. filed Feb. 25, 2010) (pending, and on April 8, 2010, Mr. Moore was ordered to show cause why he should not be sanctioned by the dismissal of the action for his deceit in creating a fictitious court order, affixing a judge's signature to it, and tendering it to the Court); *Moore v. State of Colorado, et al.*, No. 10-cv-00426-BNB (D. Colo. filed Feb. 25, 2010) (the instant action); *Moore v. Cedaredge Mercantile*, No. 10-cv-00427-ZLW (D. Colo. Mar. 4, 2010) (voluntary dismissal); *Moore v. Jahani*, No. 10-cv-00428-ZLW (D. Colo. Mar. 12, 2010) (summarily remanded to state court); *Moore v. Glaxco Smithkline*, No. 10-cv-00429-ZLW (D. Colo. Mar. 25, 2010) (summarily remanded to state court); *Moore v. Donar Alliance*, No. 10-cv-00520-ZLW (D. Colo. Mar. 22, 2010) (summarily remanded to state court); and *Moore v. Glaxco Smithkline*, No. 10-cv-00759-BNB (D. Colo. filed Mar. 29, 2010) (pending).

While the Court is sympathetic about the death of Mr. Moore's mother, the Court will not tolerate abuse of its limited judicial resources. Mr. Moore is warned that the Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant

from filing any claims without first seeking prior leave of court. **See Ketchum v. Cruz**, 961 F.2d 916, 921 (10th Cir. 1992); **Winslow v. Romer**, 759 F. Supp. 670, 677-78 (D. Colo. 1991); **Colorado ex rel. Colo. Judicial Dep't v. Fleming**, 726 F. Supp. 1216, 1221 (D. Colo. 1989). A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions. **See Tripati**, 878 F.2d at 354.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this __21st__ day of __April__, 2010.

BY THE COURT:

_(signature)_

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00426-BNB

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/22/10

                                            GREGORY C. LANGHAM, CLERK

                                        By: _____
                                                       Deputy Clerk