IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00426-ZLW

JOHN MOORE,

    Plaintiff,

v.

STATE OF COLORADO, DEPARTMENT OF COLORADO HUMAN SERVICES,
RUTH TRUMPFHELLER,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, John Moore, filed *pro se* on April 28, 2010, a motion titled "Motion to Reopen." Mr. Moore asks the Court to reconsider the Court's order dismissing this action. The Court must construe the motion to reopen liberally because Mr. Moore is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The motion will be construed as a motion to reconsider. For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will

consider Mr. Moore's motion to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on April 22, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court dismissed the instant action without prejudice on April 22 for Mr. Moore's failure, within thirty days, to file an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The April 22 dismissal order provides further details concerning the reasons for the dismissal.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Moore fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Moore fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion titled "Motion to Reopen" that Plaintiff, John Moore, filed *pro se* on April 28, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __7th__ day of __May__, 2010.

BY THE COURT:

*Christine M. Arguello*

CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00426-BNB

John Moore
140 SE Frontier Ct.
Cedaredge, CO 81413

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/7/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk